Good morning, Your Honors. Good morning. May I proceed? You may. I would like to reserve two minutes as well for rebuttal. Certainly. The issues before the court in my case are whether or not my client had effective assistance of counsel and whether the court should have granted a continuance so my client could get new counsel. The facts on my case are that I have a Spanish-speaking client with virtually no education. He hires an attorney to represent him in removal proceedings. Arguably, there's a question about whether he assisted his counsel in gathering documentation. Unknown to him, his attorney had filed a motion to be relieved, which was set for the date of trial. His attorney also sent him a letter setting a meeting after the motion to be relieved had been set, telling him to come into the office and prepare for trial. So as far as he knows, he has an attorney that's working for him, getting ready for his trial. This is a little bit of an unusual case, at least I find it so. For one reason, there's no transcript. Yes, I agree, Your Honor. Somewhat unusual. Except for some affidavits and letters here and there, we don't know what went on on the day set for the hearing in which counsel was allowed to withdraw and the case went forward. Is that right? That's exactly correct. Is that what the immigration judge advised the client? We have no idea. There's no record of it. The only thing we have is the order terminating his cancellation application and granting the motion to be relieved. That's the only record we have. Whose responsibility is it to provide us with that transcript? In this instance, it would be the government's And is the reason we have no transcript is that it doesn't exist? It was lost? It was destroyed? Do we know? We have no indication in that regard. We don't know. Okay. Go ahead. So at any rate, my client shows up for trial, assuming that he has counsel who is prepared for him and is ready to assist him, only to find out for the first time that he's had an attorney that hasn't been preparing for him and is in fact being relieved on the date of his trial. Somebody who is a non-English speaker with no education, has no idea what's going on. Next thing he knows, his case is dismissed. So after that, he hires new counsel to file a motion to reopen, which is denied because the Lozada requirements were not met. An appeal was sent to BIA and it was denied. We don't require perfect compliance with Lozada. What did the new lawyer do to comply? The new lawyer submitted a declaration for my client as to what the terms of their agreement were and as to what transpired from my client's perspective. No complaint to the state bar? No, sir. No notice to the prior lawyer? No, sir. That simply was not met. I contend, however, that on the face of the record, ineffective assistance of counsel is shown. She did appear at the hearing, didn't she? She only appeared at the hearing to be relieved. She did no preparation for my client. And we don't know what took place at the hearing? No, we only have my client. By the way, according to that minute order that was filed by the immigration judge on the date of the hearing, 5703, if you look at the minute order carefully, it says that the application for counsel removal was denied. Yes, sir. Which suggests that he allowed it to be filed. No, sir. No? No, sir. How do we know he didn't allow it to be filed? Because at the immigration hearing is when you sign the application. And that didn't happen. His counsel was removed. For some reason, from what I can infer from the record, the court was informed. In the paper record, is there a copy of the application? I believe there is. But it gets signed at the trial. That's when those are typically signed. Because all the documentation is now before the court. The parties are all present before the court. And in my experience, whenever I do a trial of that nature, that is the point in time when the judge says, you may sign the application now. And then they ask you, is everything in here correct and accurate? Is there anything you wish to add or modify? Well, there's a box here marked withdrawn. He could have checked that, but he didn't. Right? Well, withdrawn would mean it was voluntarily withdrawn by my client. My understanding of what happened is that the court was not informed that fingerprints had been taken and that documents had not been submitted. So they pre-terminated the application. They essentially didn't let He denied it because, in his opinion, it had been abandoned. Because the client didn't provide the documentation and the fingerprints that were necessary to go forward. Unbeknownst to the court, those things happened. Even if you accept the idea that there was ineffective assistance of counsel, your argument, you know, it's a due process claim. You have to show prejudice. Yes, sir. What was his claim with respect to cancellation of removal? Well, he had a prima facie eligibility that he had been here since When you say prima facie, what did he, what is that? What did that consist of? He had been here since 1980. He had no criminal record, no findings of moral turpitude, and he had two United States children that were both over the age of 10. Well, that doesn't make you automatically eligible for cancellation of removal. No, it doesn't. I'm not sure that's a prima facie case because the statute requires you have to make a showing of extreme and unusual hardship. So, did he make any? Your Honor, he never had a chance to go forward. His case was pre- Well, you've been representing him in your motion to reopen. Did you lay out? I didn't do the motions to reopen, Your Honor. I was hired for this one. Well, he did file a motion to reopen. In his motion to reopen, did he lay out kind of what his claim of hardship was? Not as though it was an evidentiary hearing. He simply set forth that the element, the prima facie elements had been met. In the general world of allowing motions to reopen and that sort of thing, whether it's civil or administrative or the like, appellate courts don't like to grant those or to overrule agencies or trial courts for doing so unless there's something to be had there. So, where's the beef? Where at any point under any lawyer, including yourself, did you tell anyone in writing, here's my client's claim on extreme hardship? I did not address that issue in my filings. Why should we provide relief? I'm approaching this from a purely due process issue. My client did not have representation or get an opportunity to present his case. You're the third lawyer. Yes, sir. The second lawyer filed the motion. Yes, sir. He had the opportunity to show how he would demonstrate the requirement of extreme and unusual hardship to the U.S. children. And as I read it, all he said is, I pay child support and I exercise my rights of visitation. That's all he was going to prove, right? That's the way I read it as well, Your Honor. Surely that doesn't come anywhere close to meeting the requirement for cancellation of being extreme and unusual hardship, does it? No, Your Honor. And on the application that one submits, it doesn't ask for those grounds either. That's usually taken through testimony, which my client didn't get to offer. The second lawyer, when he filed the motion, didn't come forward with anything that he was going to present. He didn't show any prejudice, did he? I would say that he showed prejudice from the standpoint that my client didn't get an opportunity to present evidence in the trial court. I would agree that the motion to reopen is somewhat devoid of any facts that would meet that burden. So it's okay in this type of procedure to file a motion to reopen and tell the BIA, I've got a really good case. I don't need to tell you what it is right now, but give me a chance to rehear this thing and I'll tell you all about it. No, I wouldn't agree with that assertion, Your Honor. Well, isn't that what happened? I think that in part that may be what happened, but the bigger issue here is whether or not somebody is entitled to have representation or if they're not going to have it, to be advised of it so they could have secured new counsel and been represented. Do you want to save a couple of minutes for rebuttal? Yes, sir, please. Okay. Thank you for your argument. We'll hear from the government at this time. Mr. Goodman? May it please the Court? To answer Judge Paez's question, first the application for cancellation of removal is at pages 143 to 150 of the administrative record. Right. Can you tell us why there's no transcript here? I can tell you what the Office of Immigration Litigation told me when I asked that very same question, Your Honor. And the answer was? It was that for discretionary applications for cancellation of removal, that although those proceedings, there is a tape recording made that they are not routinely transcribed unless the, well, the alien appeals administratively and requests a copy of the transcript. It's important to note that with the denial of the application for cancel of removal, Mr. Veladez-Lopez did not file an administrative appeal of that, and therefore, although the tape recording existed, there was no transcript made of it. That is now a final order. The only thing before this Court now is the dismissal of the denial of the motion to reopen. And as this Court ---- Is this what you've just described pursuant to rule or regulation, this idea that no transcript is the ---- I know that these proceedings before the I.J. are normally tape recorded, that the tape recording is not transcribed unless there's a certain type of appeal to the BIA. Is that per some regulation? I am not aware of any regulation in that regard. I think it's more the practice, but I do think it would be the ---- Let me tell you from one judge's point of view, it is an awful practice. And in any other court, civil, administrative, federal, or state, you come before an appellate court, and there's no transcript, and it's your responsibility to provide it. Normally, you lose. Now, it may or may not have impact in this case, but it is a perfectly awful practice. Your Honor, as a criminal attorney in my day job, I was rather surprised to find that out, too. But I do think that it is the alien's burden, if he's pursuing an administrative appeal from the denial of his application for cancellation of removal, which was not done here, to order up the transcript. I don't necessarily ---- If he's not going to appeal administratively the denial of the cancellation of removal, I'm not sure that it's necessary to have the transcript typed out, given the volume of the number of immigration cases before. But I was surprised, Your Honor, to see no transcript. Counsel, do you know if the audio recording remains in existence, and no one ordered it to be transcribed, or it's been destroyed or lost? I do not know, Your Honor. And the government did not attempt to ascertain that? I did attempt, Your Honor. I asked the Office of Immigration and Litigation, and was told that it won't be part of the record before this Court, and therefore ---- But you didn't ask if it was still available, or you don't know whether it's ---- I do not know, Your Honor. That is correct. I assume they retain it for a certain period of time, and not forever. But I don't know how long that period of time is. So can you tell from this record, did the I.J. deny the motion, or was it withdrawn? It was denied, right? It was denied. It was denied prematurely, because it was not complete, probably. I think it was, although we're really looking at, in this case, at the most ---- at the denial of the motion to reopen, which says that he didn't satisfy the requirements for 24240A, Prenn B, application for cancellation of removal. And specifically, he did not show the exceptional and extremely unusual circumstances. I think with this order that we're reviewing here, we can show that he has not made a prima facie case of entitlement to the relief, the underlying relief that he seeks, namely that cancellation of removal. If you compare, for example, the Ettore Baria case that we cited in our brief, a far greater showing was made there of hardship. And even so, the Court did not accept the hardship claims, because it was your typical, you know, unusual or ---- So I guess your point is that, in other words, that even if his lawyer had stayed with him throughout the proceeding and he had testified, it wouldn't have made any difference. That is correct, Your Honor. That is absolutely correct. And I think it should be pointed out that this lawyer in this case really did a much better job, for example, than the lawyer in the Castillo-Perez case. In the Castillo-Perez case, you had the client repeatedly calling the lawyer, when are you going to act, where are my papers, did you file something? This lawyer's office was constantly calling, writing the client, the alien, saying, we need your documentation. You have eight months to get your documentation together. Even so, that does not excuse the lawyer abandoning the client at any time before an order is entered discharging the lawyer. Correct? I think it is not quite a fair reading to say that the lawyer abandoned. As early as January, she warned the client ---- It doesn't matter. It doesn't matter. The lawyers don't get to go on strike. Their obligations continue until the tribunal enters an order discharging them, correct? Correct. But she did put on notice the client that if he didn't provide the required documentation, which was required in March of 2003 before the hearing, that she would not be able to represent him. Do not the ethics rules in California and the American Bar Association model rules make clear that a lawyer who has cause to withdraw must do so in a way that does not prejudice the client? And that usually means you move to withdraw and you move to continue so that the client will have an opportunity to get other counsel or to prepare to defend himself. Isn't that the basic requirements of ethical responsibility for counsel? There was a motion for continuance made. Petitioner's brief at page 13. But not served upon the client and with no ---- No. At the hearing, a motion for continuance was made. How do we know that? Petitioner's brief at page 13. It says the respondent, meaning the petitioner in this court, asked for a continuance to hire new counsel. It's not entirely clear to me whether it was the old counsel acting before the motion to withdraw was granted or whether it was Mr. Valadez-Lopez himself standing up. But a motion for continuance was asked for at that hearing. As I say, by Mr. Valadez-Lopez, we don't know whether it was the prior counsel who asked for it or whether it was he himself. But in any event, the motion for continuance and the discretion of the immigration judge was denied because the ---- Because why? We can assume because of why. Well, what we do know, Your Honor, is that Mr. Valadez-Lopez acknowledges that he did not answer properly the immigration judge when the immigration judge asked about his fingerprinting. He said he couldn't. His affidavit says he couldn't. He was unable to because of language problems, right? His brief says that he did not answer properly. We don't really know whether that means that he said no or whether he stood mute or whatever. But he did not answer properly. To sum up, counsel acknowledges that the last two of the three lasada requirements were not met for a motion to reopen. Counsel has ---- Counsel, the only way I can imagine where it would have been ethically proper for counsel to do what they did is if the client had consented to it after full disclosure in advance. Otherwise, the lawyer is obligated to continue to work diligently until their discharge. Is there any scenario that you can put to me in which it would be ethically proper for the lawyer to have taken the client to the hearing, be discharged there, leave the client high and dry at the hearing without having previously sought and obtained a continuance for the benefit of the client to either prepare themselves for the hearing or to get new counsel? We know that the continuance was asked for and denied. We know that the hearing ---- The answer to that question is no, isn't it? I believe ---- If this were a bar exam question and your license depended on it, the answer would be no. But I do believe that the counsel in this case acted far more diligently in trying to prepare and get the client to cooperate with her than many immigration counsel that I've seen. And it was a question of really for years, starting in October of 2001, this client did not fully cooperate with counsel who incidentally had appeared at two prior hearings to gain him continuances until the spring of 2003. So this counsel did appear twice at hearings and did file papers. I think we understand your argument. Thank you. Thank you, Your Honor. I'll be brief. The reason there is no appeal of the cancellation is because it was never heard. That's the simple response to that. In my years of practice, and albeit it's limited, it's only 10 years, every time I filed any type of appeal, the service has always been responsible to provide the transcript. They possess them. They provide them. But this is an appeal, though, from the denial of the motion to reopen. No, it's not. Yes, this is. Excuse me. I'm sorry I misheard you. Was there an oral argument on this motion to reopen? I don't know. The record's devoid of it. I have to assume no. Is the practice when there's an appeal from the denial of the motion to reopen to transcribe every prior hearing in the file in addition to the one that is being appealed? I'm sorry. In my experience, yes. The client, in the court's opinion at the time, the client had been not working with his counsel, had been stalling, delaying. That's the way the court is most likely viewing this, because of the motion to be relieved. So, of course, once counsel's relieved and he asks for more time to get a new attorney, the court thinks it's another stall tactic. So I can understand why they didn't grant a continuance to get a new counsel. The court didn't know what was going on. And to expect the client to spontaneously be able to practice law and represent himself after he's been abandoned by his... If we take the absence of the transcript most strongly against the government and for the petitioner, all it would go to show would be a case of ineffective assistance at that hearing, correct? I think so, Your Honor. Which is probably pretty much there anyway, just from the circumstances you have, even with the minimal lozada showing you have, right? Yes, sir. So it comes back to what's the prejudice? The prejudice is that my client never got his day in court. His basic due process rights to present his case. Okay. I think we understand your argument. Thank you, Your Honor. Thank you very much. Thank both sides for their argument. The case just argued will be submitted for decision. Proceed to the next case on the calendar, which is Bedellian v. Gonzalez. If counsel will come forward.
judges: Hawkins, Paez, Wake